IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD MATHEWS,** *et al.,*

      **Plaintiffs,**

  vs.                                  Civil Action 2:12-cv-1033
                                            Magistrate Judge King

**OHIO PUBLIC EMPLOYEES RETIREMENT
SYSTEM,**

      **Defendant.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiffs' Motion for Leave to File First Amended Complaint and Memorandum in Support* ("*Plaintiffs' Motion to Amend*"), Doc. No. 19.  For the reasons that follow, *Plaintiffs' Motion to Amend* is **GRANTED in part** and **DENIED in part**.

I.    Background

This action arises out of the termination of the disability retirement benefits of plaintiff Richard Mathews.  Plaintiffs Richard Mathews and his wife Sandra Mathews filed this action on November 8, 2012, asserting state law claims of breach of contract, promissory estoppel, and negligence and federal constitutional claims of termination of benefits in violation of procedural due process and equal protection.  Plaintiffs also challenge the constitutionality of O.R.C. §§ 145.20, 145.01, and 145.362 as unconstitutionally vague and violative of retirees' First Amendment rights to free speech, freedom of association, and freedom to participate in the political process.

Defendant Ohio Public Employees Retirement System filed a motion to dismiss, Doc. No. 4, which was granted in part and denied in part. *Opinion and Order*, Doc. No. 14. Specifically, the Court permitted plaintiff Richard Mathews' Fourteenth Amendment procedural due process claim to proceed and dismissed all other claims, including those asserted by plaintiff Sandra Mathews, for failure to state a claim upon which relief can be granted. *Id*. at p. 25.

Plaintiffs now seek leave to file an amended complaint to present "an additional argument as to the unconstitutionality of R.C. 145.362." *Plaintiffs' Motion*, p. 2. Specifically, plaintiffs seek to add a claim that O.R.C. § 145.362 is unconstitutional on its face because it does not provide notice and opportunity to be heard before the termination of disability retirement benefits. *See Plaintiff's Motion to Amend*, Exhibit B, at ¶¶ 70-73.

Defendant opposes *Plaintiffs' Motion to Amend,* arguing that plaintiffs have failed to establish good cause for modifying the Court's scheduling order, that there has been undue delay in seeking leave to amend, that defendant will be prejudiced by the proposed amendments, and that plaintiffs are attempting to reassert previously dismissed claims. *Ohio Public Employees Retirement System's Memorandum in Opposiion* [sic] *to Plaintiff Richard Mathews' Motion for Leave to File First Amended Complaint* ("*Defendant's Response*"), Doc. No. 20.

**II.   Standard**

Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, to enter a scheduling order

that, *inter alia*, limits the time to amend the pleadings. Fed. R. Civ. P. 16(b)(3)(A). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**III. Discussion**

The Court's March 6, 2013 scheduling order requires, *inter alia*, that motions for leave to amend the pleadings were to have been filed, if at all, by April 1, 2013. *Preliminary Pretrial Order*, Doc. No. 12, p. 2. *Plaintiffs Motion to Amend* was filed on October 22, 2013, more than six months after that deadline. Nevertheless, plaintiffs argue that they have "good cause" to amend the *Complaint* because they "have

3

diligently pursued this case since it was originally filed," this is their first attempt to amend the *Complaint*, their motion was filed "just one month following the Court's Opinion and Order regarding Defendant's Motion to Dismiss," and the motion was filed "immediately after the filing and service of Defendant's Answer and Counterclaim." *Plaintiff's Motion to Amend*, pp. 6-7.  Plaintiff's arguments are without merit.

As noted *supra*, "'[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'"  *Inge*, 281 F.3d at 625 (quoting *Bradford*, 249 F.3d at 809).  Plaintiffs have failed, however, to explain what efforts they took to meet the Court's April 1, 2013 deadline to file motions to amend the pleadings or why they were unable to meet the deadline.  Plaintiffs do argue that "there was little benefit to the court or parties to submit any additional pleading while Defendant's Motion to Dismiss was pending determination by this honorable court." *Plaintiffs' Motion to Amend*, p. 2. However, defendant's motion to dismiss was fully briefed and ripe for resolution when the Court set April 1, 2013 as the deadline to seek leave to amend the pleadings, *see Preliminary Pretrial Order*, Doc. No. 12, pp. 1-2 ("Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Doc. No. 4.  That motion is now ripe for resolution by the Court."), so the pendency of defendant's motion cannot justify plaintiff's late attempt to amend the *Complaint*. Plaintiffs also do not contest defendant's argument that plaintiffs

4

could have sought leave to assert their new claim before the Court's deadline. *See Defendant's Response*, pp. 3-4. As defendant argues, plaintiffs' proposed new Fourteenth Amendment due process claim is not based on newly discovered evidence or new law and plaintiffs' proposed amendment does not seek to fix a technical defect in the *Complaint*. *See id*. Under the circumstances, the Court cannot conclude that plaintiffs have established "good cause" to modify the Court's scheduling order because it is not apparent that plaintiffs were diligent in attempting to meet the requirements of that order.

Nevertheless, the Court will permit plaintiffs to amend the *Complaint* because the proposed amendment will not prejudice defendant and it will not impact the Court's October 10, 2013 revised scheduling order. Notably, discovery was stayed during the pendency of defendant's motion to dismiss, *see Preliminary Pretrial Order*, Doc. No. 12, p. 2, and plaintiff represents that no discovery had taken place as of the filing of *Plaintiffs' Motion to Amend*. *See Plaintiffs' Motion to Amend*, p. 2. Moreover, defendant's claim of prejudice – that it would have argued its motion to dismiss differently had plaintiff asserted the new claim earlier and that it will not have the opportunity to file a motion to dismiss the new claim, *see Defendant's Response*, p. 4, – is without merit. Certainly, defendant remains free to file either a motion to dismiss or a motion for judgment on the pleadings. Finally, although the proposed amended complaint purports to reassert all of plaintiffs' previously dismissed claims, plaintiffs have clarified that they are merely trying to preserve the claims for appeal and are not "attempt[ing] to resurrect

5

these claims at this time." *Plaintiffs' Reply Memorandum in Support of Their Motion for Leave to File First Amended Complaint*, Doc. No. 21, p. 4.

Accordingly, *Plaintiffs' Motion to Amend*, Doc. No. 19, is **GRANTED in part** and **DENIED in part**.  *Plaintiffs' Motion to Amend* is **GRANTED** as to plaintiff Richard Mathews' Fourteenth Amendment procedural due process claims (count II and IX of the proposed amended complaint). As to all of plaintiffs' other claims, including all claims asserted by plaintiff Sandra Mathews, *Plaintiffs' Motion to Amend* is **DENIED** as futile, for the reasons articulated in *Opinion and Order*, Doc. No. 14.

The Court notes that a proposed amended complaint is attached to *Plaintiffs' Motion to Amend* as Exhibit 1.  However, the proposed amended complaint does not comport with the requirements of Rule 11 of the Federal Rules of Civil Procedure because it is not signed.  *See* Fed. R. Civ. P. 11(a).  Accordingly, plaintiffs are **ORDERED** to file a properly executed amended complaint within seven (7) days of this order.


November 14, 2013                              *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

6