IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RICHARD MATHEWS,** *et al.***,**

       **Plaintiffs,**

  vs.                                          **Civil Action 2:12-cv-1033**
                                                     **Magistrate Judge King**

**OHIO PUBLIC EMPLOYEES RETIREMENT**
**SYSTEM,**

       **Defendant.**


<u>**OPINION AND ORDER**</u>

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of the *Motion for Judgment on the Pleadings of Plaintiff, Richard Mathews*, ECF 26 ("*Plaintiff's Motion*"), and *Ohio Public Employees Retirement System's Motion for Leave to File Amended Answer and Counterclaim, Instanter*, ECF 27 ("*Motion to File Counterclaim*").

**I.    PROCEDURAL BACKGROUND**

On November 8, 2012, plaintiff Richard Mathews[1] and his wife, Sandra Mathews, filed this action, asserting eight claims based on the termination of his disability retirement benefits. *Complaint*, ECF 2. Upon OPERS' motion to dismiss, ECF 4, this Court dismissed all claims except plaintiff's Fourteenth Amendment procedural due process claim. *Opinion and Order*, ECF 14. In reaching this decision, the Court specifically concluded that Ms. Mathews lacked standing to pursue her

---

[1] Unless otherwise specified, all references to "plaintiff" are to Richard Mathews.

1

claims based on the termination of her husband's disability retirement benefits. *Id*. On October 4, 2013, OPERS filed an answer, denying liability and asserting a counterclaim for recovery of alleged overpaid benefits and for declaratory judgment. *Answer and Counterclaim of Defendant Ohio Public Employees Retirement System*, ECF 15 ("*Answer and Counterclaim to Original Complaint*").

Following a pretrial conference with counsel for the parties, the Court issued a scheduling order pursuant to the provisions of Fed. R. Civ. P. 16(b), noting that OPERS had asserted a counterclaim and requiring plaintiff to reply to the counterclaim by October 25, 2013. *Preliminary Pretrial Order*, ECF 16, p. 1. The Court also established deadlines for plaintiff's anticipated motion for leave to file an amended complaint as well as briefing of that motion. *Id*. The Court also set deadlines for completing discovery and filing motions for summary judgment at, respectively, February 28, 2014 and March 31, 2014. *Id*. at 2.

In later granting plaintiff's motion for leave to amend the complaint, the Court noted that, although the proposed amended complaint purported to reassert all of plaintiffs' previously dismissed claims, including claims on behalf of Ms. Mathews, plaintiffs clarified that they were merely trying to preserve the claims for appeal and not "attempt[ing] to resurrect these claims at this time." *Opinion and Order*, ECF 22, pp. 5-6 (quoting plaintiffs' reply memorandum, ECF 21, p. 4). Accordingly, the claims remaining for the Court's consideration are plaintiff Richard Mathews' procedural due process claims pursuant to the Fourteenth Amendment and

2

O.R.C. § 145.362 (addressing, *inter alia*, termination of disability benefits). *Id*. at 6. *See also First Amended Complaint*, ECF 23, ¶¶ 41-43, 70-73 ("*Amended Complaint*"). Plaintiff seeks the following relief:

> (a)  That Defendant be permanently enjoined from withholding Plaintiffs [sic] full disability retirement benefits;
>
> (b)  That defendant pay Plaintiffs the full and complete retirement benefits;
>
> (c)  That Defendant be ordered to return Plaintiffs to full disability retirement benefits status quo ante;
>
> (d)  That Defendant pay compensatory damages as appropriate to compensate Plaintiffs for their losses caused from Defendant's misconduct in the amount of Eighty Thousand and no/00 Dollars ($80,000.00) from the date of termination through the date of the court's appropriate Order granting relief;
>
> (e)  That Defendant pay compensatory damages as appropriate to compensate Plaintiffs for their losses caused from Defendant's misconduct in the amount of Twenty Thousand and no/00 Dollars ($20,000.00) representing the costs of health insurance benefits coverage(s) which Plaintiff's [sic] now have to purchase and procure on their own and at their own expense; from the date of termination through the date of the court's appropriate Order granting relief;
>
> (f)  That Defendant pay compensatory damages as appropriate to compensate Plaintiffs for their losses caused from Defendant's misconduct in an amount appropriate from the date of termination of Plaintiffs' disability retirement benefits through the date of the court's appropriate Order granting relief;
>
> (g)  That Defendant pay Plaintiffs' costs, expenses, and reasonable attorneys' fees;
>
> (h)  That this Court determine that Ohio Revised Code Sections 145.20, 145.01 and 145.362 deny OPERS [sic] and other disability retirants of their fundamental First Amendment Constitutional rights of freedom of speech, freedom of association and freedom to participate in the political process;

>    (i)   That Ohio Revised Code Sections 145.20 and 145.01 are unconstitutional, unconstitutionally vague and ambiguous, as applied or otherwise;
>
>    (j)   That Ohio Revised Code Sections [sic] 145.362 is unconstitutional, on its face, as applied or otherwise; and
>
>    (j)[sic]   That this Court award such other and appropriate relief it deems proper, either at law or in equity.

*Id*. at "Prayer for Relief," pp. 16-17.

On December 4, 2013, OPERS filed an answer to the *Amended Complaint*, *Ohio Public Employees Retirement System's Answer to the Amended Complaint*, ECF 24 ("*Answer to the Amended Complaint*"), which did not include a counterclaim. In responding to the *Amended Complaint*, OPERS admitted, *inter alia*, that "it is not aware of any facts or circumstances arising prior to January 1, 2010 indicating Richard Mathews was no longer eligible for disability benefits" and averred, *inter alia*, that plaintiff's "election to, and subsequent service with, the New Richmond village Counsel [sic] triggers the automatic termination provisions in R.C. 145.362." *Id*. at ¶ 15.

On February 27, 2014, *Plaintiff's Motion* was filed. In that motion, plaintiff noted that OPERS had answered the *Amended Complaint*, but had not asserted a counterclaim. *Plaintiff's Motion*, p. 2. Shortly thereafter, OPERS' *Motion to File Counterclaim* was filed. Plaintiff opposes the *Motion to File Counterclaim*, *see Plaintiff's Memorandum in Opposition to Defendants [sic] Motion for Leave to File Amended Answer and Counterclaim, Instanter*, ECF 29 ("*Opposition to File Counterclaim*"), and OPERS has filed a reply. *See Reply in Support of the Ohio Public Employees Retirement System's Motion for Leave*, ECF 33 ("*Reply in Support of Motion to File Counterclaim*").

4

In response to *Plaintiff's Motion*, OPERS filed *Ohio Public Employees Retirement System's Joint Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings*, ECF 32 ("*OPERS' Motion for Summary Judgment*"), which combines OPERS' brief in opposition to plaintiff's motion for judgment on the pleadings with its request for summary judgment.  In response, plaintiff filed *Plaintiff's Brief in Opposition, Defendant's Motion for Summary Judgment*, ECF 36 ("*Plaintiff's Opposition to OPERS' Motion for Summary Judgment*"), and OPERS has filed a reply.  *Reply in Support of the Ohio Public Employees Retirement System's Motion for Summary Judgment*, ECF 37 ("*OPERS' Reply in Support of Motion for Summary Judgment*").  No other briefs or motions have been filed in connection with *Plaintiff's Motion* and *OPERS' Motion for Summary Judgment*.

**II.   *MOTION TO FILE COUNTERCLAIM***

OPERS seeks leave to file an amended answer and counterclaim *instanter*, taking the position that, although it was not required to re-file or re-plead its counterclaim, it nevertheless seeks leave to do so "in the interest of caution[.]"  *Motion to File Counterclaim*, p. 1.[2]  OPERS contends that the approximate three-month interval between its original answer to the *Amended Complaint* and its present motion is minimal and that the grant of its *Motion to File Counterclaim* will not prejudice plaintiff.  *Id*. at 1-2.  OPERS further contends that, because the *Preliminary Pretrial Order* does not specify a deadline for amending pleadings, it is Rule 15(a) of the Federal Rules of Civil

---

[2] The Court refers to the page numbers appearing at the bottom of the page of the filing.

Procedure, rather than Rule 16(b), that controls OPERS' request to file its proposed amended answer and counterclaim. *Id*. at 2.

Plaintiff disagrees, arguing that OPERS abandoned its *Counterclaim* when it failed to re-plead it in the *Answer to the Amended Complaint*. *Opposition to Motion to File Counterclaim*, pp. 1-3 (citing *Johnson v. Berry*, 228 F. Supp.2d 1071 (E.D. Mo. 2002); *Bremer Bank, Nat'l Ass'n*, No. 06-1534, 2009 U.S. Dist. LEXIS 21055 (D. Minn. Mar. 13, 2009). Plaintiff also argues that the grant of leave to file the proposed amended answer and counterclaim will prejudice him because *Plaintiff's Motion* was already pending at the time OPERS' *Motion to File Counterclaim* was filed; the grant of OPERS' motion would thereby "potentially destroy Plaintiff's ability to dispose of this via its Motion for Judgment on the Pleadings." *Id*. at 4. Finally, and noting that OPERS has conceded that its *Answer to the Amended Complaint* is a responsive pleading, not an amended pleading, plaintiff argues that the *Preliminary Pretrial Order* is irrelevant to the resolution of the *Motion to File Counterclaim*. *Id*. at 4-5.

OPERS insists, however, that it did not abandon its counterclaim and distinguishes plaintiff's out-of-district cases. *OPERS' Motion for Summary Judgment*, pp. 33-34;[3] *Reply in Support of Motion to File Counterclaim* (incorporating by reference arguments raised in *OPERS' Motion for Summary Judgment*).[4] OPERS also argues that other courts,

---

[3] The Court refers to the page numbers appearing at the bottom of the page of the filing.

[4] OPERS' decision to incorporate by reference arguments raised in the briefing of *OPERS' Motion for Summary Judgment* in connection with the briefing on the *Motion to File Counterclaim* unnecessarily complicates and extends briefing on the latter motion. Resolution of OPERS' *Motion to File Counterclaim* requires consideration of six filings (the three filings related to the *Motion to File*

6

including the United States District Court for the Northern District of Ohio, have refused to follow these cited cases and that some courts have concluded that a failure to reassert counterclaims in response to an amended complaint did not constitute a waiver of the counterclaims. *OPERS' Motion for Summary Judgment*, pp. 33-34 (collecting cases). OPERS insists that the grant of its *Motion to File Counterclaim* will not prejudice plaintiff, who had prior notice of OPERS' intent to pursue its counterclaim and the opportunity to move for summary judgment on OPERS' claims. *Id*. at 35. *See also Reply in Support of Motion for Summary Judgment*, pp. 17-18.[5]

    This Court agrees. As noted by OPERS, courts are divided on whether or not the Federal Rules of Civil Procedure require that a party replead a counterclaim in response to an amended complaint. Rule 13, which addresses counterclaims, provides that "a pleading" must state any compulsory counterclaims and that "a pleading" may state any permissive counterclaims. Fed. R. Civ. P. 13(a), (b). Rule 15(a)(3) provides that, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Some courts have concluded that a defendant must replead a counterclaim in response to an amended complaint or be held to have abandoned or waived the right to pursue the counterclaim. *See*, *e.g.*, *Gen. Mills,*

---

*Counterclaim* as well as the three filings related to *OPERS' Motion for Summary Judgment*).

[5] Although *Plaintiff's Opposition to OPERS' Motion for Summary Judgment* addresses OPERS' counterclaim, *see id*. at 35-36, plaintiff incorporates by reference its arguments raised in its *Opposition to File Counterclaim*.

7

*Inc. v. Kraft Foods Global, Inc*., 487 F.3d 1368, 1376-77 (Fed. Cir. 2007) (finding no abuse of discretion where the district court concluded that the defendant had abandoned a counterclaim when "[defendant] Kraft had filed a counterclaim to [plaintiff] General Mills' original complaint, but that complaint was superseded by General Mills' amended complaint, and at the time the district court entered judgment, Kraft had not filed an amended answer re-pleading the counterclaim"); *Bremer Bank, Nat'l Ass'n*, 2009 U.S. Dist. LEXIS 21055, at *40-41 ("The legal basis [Rules 15(a) and 13(a), (b) and the interpretation of these rules as stated in *Johnson*, 228 F. Supp.2d at 1079] for deeming [defendant] Hancock's counterclaim to be abandoned or no longer pending is sound. . . . Hancock's failure to replead the counterclaim, together with nearly two years passing without discovery or any action on the counterclaim casts doubt on whether the counterclaim was ever viewed as being meritorious."); *Johnson*, 228 F. Supp.2d at 1079 ("The last sentence of Fed. R. Civ. P. 15(a) requires a party to plead in response to an amended pleading.  No option is given merely to stand on preexisting pleadings made in response to an earlier complaint.  As the language of Rule 13(a) and (b) makes clear, a counterclaim is part of the responsive pleading.").  *Cf*. *Pa. Nat'l Mut. Cas. Ins. Co. v. Snider*, 996 F. Supp. 2d 1173, 1180 n.8 (M.D. Ala. 2014) ("Because the Beale Defendants failed to answer Penn National's amended complaint, and therefore, never reasserted their counterclaims, the Court finds that the Beale Defendants' duty to defend counterclaims w[as] abandoned.") (citing *Settlement Capital Corp.,* 649 F. Supp. 2d at 562("While [defendants] Seneca and Route 28

8

asserted counterclaims for slander of title in their original answer, these counterclaims were not reasserted in their amended answer and thus have been abandoned.").

Other courts, however, do not require a defendant to replead a counterclaim in response to an amended complaint because Rule 13 does not require a defendant to set forth a counterclaim in an answer. *See*, *e.g.*, *Performance Sales & Mktg. LLC v. Lowe's Cos.*, No. 5:07-cv-00140, 2013 U.S. Dist. LEXIS 117835, at *9 n.2 (W.D. N.C. Aug. 20, 2013) ("Although Lowe's has yet to file an Answer in response to Plaintiffs' Amended Complaint, it has already set forth its counterclaim within its Answer to the original Complaint.") (citing *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 705-06 (D. Md. Aug. 24, 2011) ("Revisions to a complaint do not require revisions to a counterclaim."); *Dunkin' Donuts, Inc. v. Romanias*, 2002 U.S. Dist. LEXIS 28405, at *5-6 (W.D. Pa. May 29, 2002)("Rule 13, which governs counterclaims, requires only that a counterclaim be set forth in a pleading - it does not mandate that it be contained in an answer. . . . Further, an answer responds to allegations in a complaint, a counterclaim is something independent.") (internal citations omitted).

Another line of cases takes a less rigid view of Rule 15(a) and considers the circumstances presented in each case, including whether the plaintiff received notice of the counterclaim, whether the defendant pursued the counterclaim and whether plaintiff will suffer resulting undue prejudice if the counterclaim proceeds. *See*, *e.g.*, *Davis v. Beaird*, No. 4:10-CV-1429, 2014 U.S. Dist. LEXIS 30461, at *12-13 (E.D. Mo. Mar. 10, 2014) (finding that equitable considerations

9

weighed in favor of permitting the defendant, who failed replead the counterclaim in response to the amended complaint, to proceed with his counterclaim where the plaintiff had notice of the defendant's intent to pursue the counterclaim); *Ground Zero Museum Workshop*, 813 F. Supp. 2d at 705-06 (concluding that the defendant, who did not reassert counterclaims in answers to the first and second amended complaints, did not waive his right to pursue the counterclaims where, *inter alia*, the defendant manifested an intent to pursue such claims); *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp.*, No. 5:07CV02035, 2008 U.S. Dist. LEXIS 108078, at *10-14 (N.D. Ohio Aug. 29, 2008) (noting that the plaintiff "has been on notice of the contents of the counterclaim since it was filed timely in response to the original complaint[;]" the substance of the counterclaim had not changed since it was filed; the parties had opportunity to conduct discovery on the claim; the plaintiff had not identified any prejudice in permitting the counterclaim to stand; the failure to replead the counterclaim was inadvertent; and the potential prejudice to the defendant was considerable because it would lose its ability to adjudicate the claim in the future if barred from asserting the compulsory counterclaim in this action); *AVKO Educ. Research Found. v. Morrow*, No. 11-13381, 2013 U.S. Dist. LEXIS 49463, at *30 (E.D. Mich. Apr. 5, 2013) (concluding that counterclaim remained pending even though the defendants had not re-filed it with their answer to the amended complaint and citing *Hitachi*, 2008 U.S. Dist. LEXIS 108078, at *4-5). *Cf. Freedom Med., Inc. v. Gillespie*, No. 06-3195, 2013 U.S. Dist. LEXIS 103301, at *12-13 (E.D. Pa. July 23, 2013) (rejecting the argument that Rule 13(a),

10

standing alone, supports "the proposition that pending counterclaims are mooted by the filing of an amended complaint"); *Cairo Marine Serv. v. Homeland Ins. Co.*, No. 4:09CV1492, 2010 U.S. Dist. LEXIS 117365, at *3-4 (E.D. Mo. Nov. 4, 2010) (distinguishing *Johnson*, 228 F. Supp.2d at 1079, and finding that the defendant evidenced an intent to pursue the counterclaim and that the plaintiff would not be prejudiced because it had notice of the defendant's counterclaim); *Bell v. Nat'l Safety Assocs.*, No. C-3-90-400, 1993 U.S. Dist. LEXIS 21302 (S.D. Ohio Oct. 1, 1993) (analyzing the merits of the counterclaim where the defendant filed a counterclaim as part of its answer to the original complaint, but did not reassert the counterclaim when answering the second amended complaint).

The Court finds persuasive this last line of cases, which weighs equitable considerations, *i.e.*, a "functional approach" taken by "most courts[.]"  *Davis*, 2014 U.S. Dist. LEXIS 30461, at *9.  Indeed, even the court that issued *Johnson*, 228 F. Supp.2d at 1079 (finding that the defendant had abandoned a counterclaim after failing to replead the counterclaim in response to an amended complaint), recently rejected *Johnson* and its progeny.  See *Davis*, 2014 U.S. Dist. LEXIS 30461, at *11-13.  Moreover, courts within this circuit and even within this district have permitted a counterclaim to proceed even though the defendant had not repled the claim in response to an amended complaint.  See, e.g., *AVKO Educ. Research Found.*, 2013 U.S. Dist. LEXIS 49463, at *30; *Hitachi Med. Sys. Am., Inc.*, 2008 U.S. Dist. LEXIS 108078, at *10-14; *Bell*, 1993 U.S. Dist. LEXIS 21302.

11

In the case presently before the Court, OPERS filed its counterclaim in its answer to the original *Complaint*. Therefore, plaintiff has been on notice since October 4, 2013 that OPERS intended to pursue the counterclaim. *See also Preliminary Pretrial Order*, p. 1 (setting deadline for reply to counterclaim).[6] Indeed, plaintiff replied to the counterclaim, ECF 17, and had several months to conduct discovery regarding OPERS' claims. *See Preliminary Pretrial Order*, p. 2 (establishing a discovery deadline of February 28, 2014). Thus, the record reflects OPERS' intent to pursue its counterclaim and plaintiff's opportunity to respond to and investigate those claims.

Although OPERS did not replead the counterclaim in its answer to the *Amended Complaint*, *see* ECF 24, and waited until March 4, 2014 to seek leave to amend its answer to the *Amended Complaint* to include the counterclaim, plaintiff has failed to establish resulting undue prejudice. According to plaintiff, to permit the counterclaim to proceed will prejudice him because doing so "could potentially destroy Plaintiff's ability to dispose of this [counterclaim] via its Motion for Judgment on the Pleadings" and that the purpose of such a motion "is to preserve judicial economy and to timely dispose of a claim based on only the pleadings without the involvement of additional costly discovery and fact finding." *Opposition to Motion to File Counterclaim*, p. 4. The flaw in plaintiff's reasoning in this regard, however, is its failure to note that *Plaintiff's Motion* was filed just

---

[6] The *Preliminary Pretrial Order* does not set forth a deadline for filing an amended counterclaim. *Id*. Because the *Motion for Leave to File Counterclaim* does not impact any date in the *Preliminary Pretrial Schedule*, Rule 16(b), which requires good cause and the judge's consent to modify a pretrial schedule, does not apply.

one day before the discovery completion deadline. Plaintiff presumably had already completed his discovery by the time the *Motion to File Counterclaim* was filed. *Cf. Ground Zero Museum Workshop*, 813 F. Supp. 2d at 705 ("Plaintiffs failed to conduct discovery regarding the [counter]claims at their own peril and their claim of prejudice if the claims are not deemed waived is not compelling."). The proposed amended answer and counterclaim add nothing new to the previously asserted counterclaim. The proposed filing simply combines the previously filed *Counterclaim* and the *Answer to Amended Complaint*; there is nothing in the proposed pleading that would unfairly surprise plaintiff or that would require additional discovery. Under these circumstances, OPERS' *Motion to File Counterclaim* is **GRANTED**.

### III. *PLAINTIFF'S MOTION*

Plaintiff has moved for judgment on the pleadings pursuant to Rule 12(c). *See Plaintiff's Motion*. In opposing that motion, OPERS also moved for summary judgment. Throughout the briefing of *OPERS' Motion for Summary Judgment*, both parties rely on evidence outside the pleadings and plaintiff has not filed a separate reply in support of his motion for judgment on the pleadings. Under these circumstances, the Court will consider whether to treat *Plaintiff's Motion* as a motion for summary judgment under Rule 56.

Rule 12(d) requires that, if parties present matters outside the pleadings that are not excluded by the court, a motion for judgment on the pleadings must be treated as one for summary judgment. *See also Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010) ("It is well-established that 'Rule 12(c) requires only one action by the

13

district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence.'") (quoting *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006)). When converting a Rule 12(c) motion to one under Rule 56, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). *See also Hansbrough v. TitleMax of Tenn., Inc.*, 977 F. Supp. 2d 859, 866 (W.D. Tenn. 2013) (treating motion for judgment on the pleadings as one for summary judgment where "[b]oth parties have presented evidence outside the pleadings for the court to consider").

In the case presently before the Court, plaintiff offers and relies on outside evidence. *See generally Plaintiff's Opposition to OPERS' Motion for Summary Judgment*. For example, plaintiff submits his own affidavit, detailing his communications with OPERS in support of his position that he received no written notice before his disability benefits were terminated. Plaintiff offers additional documentary evidence that he contends establishes that OPERS never responded when it learned that plaintiff had become a council member for the Village of New Richmond, Ohio, but instead continued to pay his disability benefits. *See Exhibits D* (plaintiff's letter dated March 29, 2010) and *E* (EE Statements for the years 2003-2009, 2011), attached to *Plaintiff's Opposition to OPERS' Motion for Summary Judgment*. Plaintiff also relies on the *Administrative Record* as well as evidentiary materials submitted by OPERS. *See*, *e.g.*, *Plaintiff's Opposition to OPERS' Motion for Summary Judgment*, pp. 8-9, 16, 19, 22-23, 26-27.

14

Although plaintiff insists that he is entitled to judgment "based on the pleadings alone," *see Plaintiff's Opposition to OPERS' Motion for Summary Judgment*, p. 37, the Court notes that plaintiff has not filed a reply in support of his motion for judgment on the pleadings. Instead, he simply renews his request for judgment in his favor when opposing, with ample citations to evidentiary materials, *OPERS' Motion for Summary Judgment*. *Id*. at 38. Accordingly, the parties are **ADVISED** that the Court intends to treat the *Motion for Judgment on the Pleadings of Plaintiff, Richard Mathews*, ECF 26, as one for summary judgment under Rule 56.

However, although the parties briefly addressed the merits of OPERS' counterclaim in the briefing on summary judgment, the parties were uncertain whether or not OPERS' counterclaim would proceed. Under these circumstances, the Court is persuaded that additional briefing on summary judgment is warranted. The parties are **ORDERED** to supplement their positions on summary judgment on the remaining claims within 14 days of the date of this *Opinion and Order*. The parties are specifically **ADVISED** that the supplemental briefing, limited to no more than 15 pages, should address, *inter alia*, the following issues:

1. OPERS' counterclaim, including plaintiff's authority, if any, that equitable considerations, such as OPERS' failure to terminate benefits upon alleged notification of plaintiff's return to service as purportedly reflected in plaintiff's letter dated March 29, 2010 and in plaintiff's "Statement of Employment and Earnings After Receipt of a Disability Benefit" for the year 2010, are relevant, *see, e.g., Ohio State Bd. of Pharm. v. Frantz*, 51 Ohio St.3d 143, 145–46

15

(1990) ("It is well-settled that, as a general rule, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function.");

    2.    Whether or not OPERS provided plaintiff written notice of the termination of plaintiff's disability benefits (the parties do not cite to such a document in the administrative record and the Court has been unable to locate such notice in the present record);

    3.    Whether OPERS' verbal notification in approximately March 2012 that plaintiff's benefits would be terminated as of April 30, 2012, satisfied the notice requirement of the Due Process Clause, *see*, *e.g.*, *Memphis Light, Gas & Water Div. Craft*, 436 U.S. 1, 14 (1976) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparing for, an impending 'hearing.'"); *Flaim v. Med. College of Ohio*, 418 F.3d 629 (6th Cir. 2005) ("The stronger the private interest, however, the more likely that formal written notice . . . is constitutionally required."); *Shoemaker v. City of Howell*, 982 F. Supp. 2d 745, 755 (E.D. Mich. 2013) ("Mere notice of an impending deprivation alone, however, does not satisfy the notice requirements of procedural Due Process. Such notice must also provide the way this deprivation will occur and the means by which the deprivation may be contested.");

    4.    Whether plaintiff's opportunity to call the OPERS' call center in March and April 2012, and the telephone calls of plaintiff and his counsel to OPERS during that period, satisfied the hearing requirement of the Due Process Clause, *see*, *e.g.*, *Chernin v. Welchans*, 844 F.2d 322, 326 (6th Cir. 1988) ("Depending on the circumstances of

the particular case, the hearing called for by the fourteenth amendment may be a pre-deprivation hearing . . . or a pre-deprivation abbreviated 'opportunity to be respond' with a prompt post-deprivation hearing . . . or solely a prompt post-deprivation hearing.") (internal citations omitted);

    5.    If plaintiff takes the position that a state court mandamus action does not constitute a proper post-deprivation hearing, he must identify authority that supports that position, *see*, *e.g.*, *Lane v. City of Pickerington*, No. 2:11-cv-00966, 2013 U.S. Dist. LEXIS 117970, at *19 (S.D. Ohio Aug. 20, 2013) ("Plaintiff alleges that he was denied access to the Personnel Appeals Board and his right to a post-termination hearing, but he had an adequate state law remedy for the alleged deprivation through a mandamus action."); *State ex rel. Cydrus v. Ohio Pub. Employees Ret. Sys.*, 127 Ohio St.3d 257, 260 (2010) ("Because there is no right to appeal the retirement board's decision terminating disability-retirement benefits, mandamus is an appropriate remedy."); *State ex rel. McLean v. Ret. Bd., Pub. Emp. Ret. Fund*, 161 Ohio St. 327, 331 (1954) (granting writ of mandamus ordering OPERS to pay retroactive disability benefits);

    6.    Plaintiff should describe the format of the "opportunity to be heard" that he seeks, *see Plaintiff's Motion*, p. 9 (describing "Plaintiff's Remedy" as including, *inter alia*, "prior to giving any other consideration to terminating benefits, OPERS must afford Mathews an opportunity to be heard"), and how such a hearing will establish that the version of O.R.C. § 145.362 effective at the time that his

17

benefits were terminated authorizes OPERS to restore his disability benefits;

7. The procedures, if any, available to a disability benefits recipient who disagrees that he or she was "elected to an elective office," or disagrees that his or her "employer [is] covered by" Chapter 145 of the Ohio Revised Code, *see* O.R.C. § 145.362 ("If a disability benefit recipient is restored to service by, or elected to an elective office with, an employer covered by this chapter, the recipient's benefits shall cease."), or disagrees that his benefits should be terminated on the basis of such office; and

8. This Court's authority, if any, to "order OPERS to act in direct contravention of its governing statute [O.R.C. § 145.362]," *OPERS' Reply in Support of Motion for Summary Judgment*, p. 13.

If the parties conclude that oral argument on their requests for summary judgment is appropriate, they shall so indicate in their supplemental filings.

**WHEREUPON**, *Ohio Public Employees Retirement System's Motion for Leave to File Amended Answer and Counterclaim, Instanter*, ECF 27, is **GRANTED**. The Clerk is **DIRECTED** to file OPERS' proposed *Ohio Public Employees Retirement System's Answer to the Amended Complaint and Counterclaim*, ECF 27-1.

The *Motion for Judgment on the Pleadings of Plaintiff, Richard Mathews*, ECF 26, is **DENIED** to the extent that it seeks judgment on the pleadings pursuant to Rule 12(c). However, whether or not summary judgment should be granted in favor of either party remains for the

18

Court's consideration following supplemental briefing and oral argument.

September 23, 2014                              *s/Norah McCann King*
                                                 Norah McCann King
                                          United States Magistrate Judge